



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

May 21, 2020

**BY ECF and E-MAIL**

The Honorable Nelson S. Román
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601

> Re:    ***United States* v. *Neftali Dejesus Cantoral-Monray, a/k/a "Neftali Dejesus Cantoral Monroy," a/k/a "Neftali Cantoral,"* 20 Cr. 165 (NSR)**

Dear Judge Román:

The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for Friday, May 29, 2020 at 11:30 a.m. As explained below, the Government believes that a sentence within the Guidelines range calculated by the U.S. Probation Office ("Probation") of 8 to 14 months' imprisonment (the "Guidelines Range") would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.[1]

---

[1] Probation's Guidelines calculation differs from the calculation set forth in the parties' plea agreement. The Government agrees that Probation's calculation is correct, and thus that the operative range is 8 to 14 months' imprisonment, which is lower than the 10 to 16-month Stipulated Guidelines Range in the plea agreement. As indicated in the defendant's submission, the plea agreement erroneously applied the four-point deduction under USSG § 5K3.1 to the defendant's total offense level before addressing the defendant's acceptance of responsibility under USSG §§ 3E1.1(a) and 3E1.1(b). Because the four-point deduction put the defendant's total offense level under 16, he was erroneously deprived of a one-point deduction under USSG § 3E.1.(b). *See also* Def. Sent. Memo. at 3-4.

Probation's Presentence Investigation Report also does not count the defendant's 2019 conviction under Section 511-a(1) of the Vehicle and Traffic Law ("VTL") of the State of New York towards the defendant's Criminal History, pursuant to USSG § 4A1.2(c). The Government agrees with

## A.      Factual Background

This case arises from the defendant Neftali Dejesus Cantoral-Monray's (a/k/a "Neftali Dejesus Cantoral Monroy," a/k/a "Neftali Cantoral") illegal reentry into the United States after a lawful removal in violation of Title 8, United States Code, Sections 1326(a) and (b)(1). The events leading up to the defendant's illegal reentry are as follows:

The defendant is a native and citizen of Guatemala. He is not and has never been a citizen of the United States. On or about December 22, 2010, the defendant pleaded guilty in the County Court for the State of New York, County of Putnam, to a felony count of aggravated driving while intoxicated with a child of fifteen years of age or less, in violation of Section 1192(2-a)(b) of the VTL. On or about February 16, 2011, the defendant was sentenced to a term of imprisonment of one to three years and a concurrent term of probation of five years in connection with this matter. This conviction was the defendant's third for driving while intoxicated in New York State.

The defendant was removed from the United States on or about October 13, 2011, pursuant to an Immigration Judge's order. The defendant returned to the United States at some point after this removal, without seeking permission to do so and despite knowing that doing so was illegal. Although the exact date of the defendant's return is unknown, on or about August 17, 2019, the defendant was arrested near Carmel, New York by the Putnam County Sheriff's Office on misdemeanor charges of second degree criminal impersonation in violation of Section 190.25 of the New York Penal Law ("NYPL") and second degree obstruction of governmental administration in violation of Section 195.05 of the NYPL. He ultimately pleaded guilty in Carmel Town Court to facilitating aggravated unlicensed operation of a motor vehicle, an infraction under

Probation. As this one-point reduction still results in a Criminal History Category of III, it has no impact on the Guidelines Range.

Section 511a(1) of the VTL. On or about November 12, 2019, the defendant received a $293 fine in connection with this offense. This conviction constituted his fourth vehicle-related offense in New York State.

On or about December 12, 2019, United States Magistrate Judge Paul E. Davison authorized a complaint charging the defendant with one count of illegal reentry into the United States after having been lawfully removed, in violation of Title 8, United States Code, Sections 1326(a) and (b)(1), and an arrest warrant was issued. On or about January 16, 2020, upon his release from state custody, the defendant was arrested and taken into federal custody. On or about February 27, 2020, the defendant waived prosecution by indictment and the Government filed a felony Information. The same day, after referral by the Court, the defendant pleaded guilty to Count One of the Information before Judge Davison. On or about March 13, 2020, Judge Davison issued a report and recommendation, recommending that the Court accept the defendant's guilty plea to Count One of the Information. As of this writing, the Court has not yet adopted the report and recommendation.

**B.    The Plea and Guidelines Calculation**

Under the terms of the plea agreement and pursuant to the terms of the early disposition (or "fast-track") program adopted by the United States Attorney for the Southern District of New York for certain felony illegal reentry cases, the Government agrees to move at sentencing for a four-level downward departure to the defendant's offense level, pursuant to U.S.S.G. § 5K3.1. Accordingly, per Probation's calculation, the Guidelines Range applicable to the defendant would be 8 to 14 months' imprisonment, based on an offense level of 9 and a Criminal History Category of III. Additionally, based on pages 5 and 6 of the plea agreement, the defendant has agreed to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, Sections

1228(c)(5) and 1182. The Government has provided Mr. Gold with the judicial order of removal paperwork. Mr. Gold has indicated that he intends to review the paperwork with the defendant ahead of the sentencing and then sign it on the defendant's behalf.

## C.     Discussion

The Sentencing Guidelines continue to provide importance guidance to sentencing courts following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Sentencing courts must treat the Guidelines as the "starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007). Under that framework, the Government respectfully submits that a sentence within the Guidelines Range of 8 to 14 months—which at this point is effectively a range of time served to 14 months—is sufficient, but not greater than necessary, to comply with the purposes of sentencing, taking into account the factors set forth in 18 U.S.C. § 3553(a).

*First*, a sentence within the Guidelines Range is necessary to reflect the seriousness of the defendant's conduct. The defendant, after having been lawfully removed following a criminal conviction for a felony count of aggravated driving while intoxicated with a child of fifteen years of age or less—his third conviction for driving while intoxicated in New York State —nevertheless illegally re-entered the United States. Although the Government acknowledges the defendant's expressed motivation to be with his family in the United States, Def. Sent. Memo. at 1, his return nonetheless violated United States immigration laws. Moreover, notwithstanding the illegality of the defendant's presence in the United States and his third driving while intoxicated conviction, the defendant was arrested after his re-entry and ultimately convicted for yet another driving-related offense in 2019. Tellingly, the defendant makes no effort in his submission to excuse his abuse of alcohol other than to note that two of his three driving while intoxicated convictions

occurred while the defendant was in his mid-twenties and before he had children. That is because the third conviction, during which he put a child at risk, is inexcusable. The record is plain: the defendant has a demonstrated pattern of getting behind the wheel of a car while intoxicated and placing the lives of motorists and, in at least one case, a child at significant risk of injury or death. Accordingly, a sentence within the Guidelines Range is supported by the seriousness of the defendant's offense.

*Second*, the need for specific and general deterrence, and the importance of promoting respect for the law support a sentence within the Guidelines Range. A sentence within the Guidelines Range appropriately reflects the specific deterrence necessary for this defendant to appreciate the crime he committed and address the defendant's disrespect for the law. The defendant, with a Criminal History Category of III, is no stranger to the criminal justice system, with this case being his fifth criminal conviction dating back to 2001. While some of those convictions have "timed out" for the purposes of calculating criminal history points or otherwise cannot be counted, they are undoubtedly relevant in the Court's consideration of sentencing factors such as (i) affording adequate deterrence to criminal conduct, (ii) promoting respect for the law, and (iii) protecting the public from future crimes. The defendant has demonstrated a pattern of conduct over his years of involvement in the criminal justice system—namely, that the rules do not apply to him. That behavior has manifested in this case as well as the defendant's three driving while intoxicated convictions and four driving-related convictions overall. The driving while intoxicated convictions, in particular, are not victimless crimes. Indeed, in at least one case, he put a child at risk of significant harm, to say nothing of his other potential victims. As to general deterrence, a sentence within the Guidelines Range would send a message to other aliens who have

been deported following felony convictions that illegally returning to the United States entails risking a further term of imprisonment.

*Third*, a sentence within the Guidelines Range fairly reflects the defendant's acceptance of responsibility and willingness to cooperate with any removal proceedings following the resolution of the instant case. In sum, a sentence within the Guidelines Range would adequately balance the various considerations under Section 3553(a) and achieve the statute's stated objectives.

*Fourth*, in this case, the COVID-19 crisis does not justify a time-served sentence without due consideration of the full Guidelines Range. As the defendant concedes, he "does not appear to have any particular risk factors" for COVID-19. Def. Sent. Memo. at 5. As numerous courts in this district, including this one, have found in the context of motions for temporary release under 18 U.S.C. § 3142(i), which imposes on defendants the more onerous standard of showing a "compelling reason" for release, general COVID-19 arguments of the type raised here are not sufficiently compelling to impose a time-served sentence without due consideration for the factors raised above that may support a more severe sentence within the Guideline Range. *See, e.g., United States v. Ziegler*, 19 Cr. 916 (NSR) (S.D.N.Y. Apr. 2, 2020) (finding defendant's general COVID-19 concerns were not a compelling reason to release a healthy 29 year-old man); *United States v. Anderson*, 19 Cr. 771 (VB) (S.D.N.Y. Mar. 27, 2020) (rejecting defendant's COVID-19 concerns where defendant was a healthy 40-year old man, with no unusual medical conditions and had not shown that Westchester County Jail is incapable of containing the spread of COVID-19); *see also United States v. Nivar*, 19 Cr. 902 (S.D.N.Y. March 19, 2020) (denying pretrial bail based on COVID-19) (McMahon, C.J.); *United States v. Alvarez*, 19 Cr. 622 (S.D.N.Y. March 24, 2020) (Cote, J.) (denying pretrial bail based on COVID-19); *United States v. Bradley*, 19 Cr. 632 (S.D.N.Y. March 24, 2020) (Daniels, J.) (denying pretrial bail despite defendant's claim that his

age (58) and health conditions (recent stroke and high blood pressure) justified release due to the risk of contracting COVID-19)); *United States v. White*, 19 Cr. 536 (S.D.N.Y. Mar. 25, 2020) (Castel, J.) (denying bail application for inmate with history of whooping cough); *United States v. Rudy Acosta*, 19 Cr. 848 (S.D.N.Y. Mar. 25, 2020) (denying bail despite defendant's COVID-19 concerns); *United States v. Roberson*, 19 Cr. 914 (S.D.N.Y. Mar. 26, 2020 (Buchwald, J.) (denying bail application for inmate based on COVID-19); *United States v. Steward*, 20 Cr. 52 (S.D.N.Y. Mar. 26, 2020) (Cote, J.) (denying bail for defendant on BOP's "high-risk" list); *United States v. Decker*, 20 Cr. 104 (S.D.N.Y. Mar. 27, 2020) (remanding defendant to Westchester County Jail despite COVID-19 concerns and defendant's pre-existing health conditions); *United States v. Chavis*, 19 Cr. 620 (S.D.N.Y. Mar. 27, 2020) (Cote, J.) (denying post-plea bail inmate based on COVID-19); *United States v. Marte*, 19 Cr. 795 (S.D.N.Y. Mar. 27, 2020) (Stein, J.) (denying bail for defendant with history of smoking and Percocet addiction); *United States v. Nasir*, 20 Cr. 78 (S.D.N.Y. Mar. 30, 2020) (Torres, J.) (denying pretrial bail application for inmate based on COVID-19); *cf. United States v. Stephens*, No. 15 Cr. 95 (AJN) (S.D.N.Y. Mar. 18, 2020) (declining to rule on whether any health risks from COVID-19 presented a "compelling reason necessitating [the defendant's] release").

**D.     Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Guidelines Range of 8 to 14 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of

sentencing.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____

Benjamin A Gianforti
Assistant United States Attorney
(914) 993-1919

cc:    Ben Gold, Esq. (by ECF and E-mail)